## SUCCESSORS OF L. VILLAMIL & CO., LTD., PLAINTIFFS AND APPELLANTS, *v.* SOLÁ, DEFENDANT AND RESPONDENT.

## APPEAL from a Decision of the District Court of Humacao in Foreclosure Proceedings.

### No. 1186.—Decided May 27, 1915.

APPEAL—NOTICE OF APPEAL—ADVERSE PARTY.—In accordance with section 296 of the Code of Civil Procedure, for the purposes of an appeal the term ''adverse party'' does not include all the persons who may have been parties to the suit in the court *a quo* but only those who would be affected by a reversal or modification of the judgment appealed from. Therefore the question in the case at bar is whether the decision of this court on appeal can affect the rights of the person who, having been a party to the suit or proceeding below, has not been made a party to the appeal by being served with notice thereof.

ID.—FORECLOSURE PROCEEDINGS—ADVERSE PARTY—DEPOSIT.—The defendant in foreclosure proceedings is not an adverse party in an appeal from a decision ordering that after a certain error in the calculation of interest has been corrected the amount deposited in payment by a second mortgagee be returned and another sale announced for the purpose of satisfying all the obligations claimed in the proceeding, inasmuch as the said mortgagor would not be injured in any way thereby but rather benefited, because if all the items claimed should be covered by the proceeds of the sale he would be relieved of his present personal obligation to respond with his other property for the amounts not covered by the amount deposited.

MINISTERIAL OFFICERS—MARSHALS—ERRONEOUS ORDERS.—The ministerial officers of the courts should confine their actions to strict compliance with the orders addressed to them without stopping to consider whether the grounds on which such orders are based are correct or erroneous, therefore in executing an order the marshal should not inquire into the reasons in order to deduce therefrom what the judge might have ordered if he had not been mistaken.

JUDICIAL SALE—ERROR IN NOTICE OF SALE—DEPOSITOR.—The fact that the entire amount stated in the notice of a judicial sale is deposited does not entitle the depositor to be considered as subrogated to the rights of the foreclosing mortgagee after the discovery of the error contained in said notice, especially when the depositor, who was a second mortgagee in this case, had been served with the summons requiring the debtor to make payment and knew of the error.

The facts are stated in the opinion.

*Messrs. Savage & Francis* and *Fernando Vázquez* for the appellants.

*Messrs. C. B. Buitrago* and *José Martínez Dávila* for the respondent.

Mr. Justice Aldrey delivered the opinion of the court.

As the result of summary foreclosure proceedings instituted by Ramón Vilar in the District Court of Humacao against Marcelino Solá, the latter was served with a summons by the marshal requiring him, as subrogated to Solá & Son in the mortgage debt, to pay to the foreclosing mortgagee within a period of thirty days the sum of $1,500 as. principal, $45 as interest due to July 31, 1912, the interest subsequently accruing and $200 as costs and attorney fees.. The summons was served on the second mortgagee, Celestino Solá.

Subsequently, Ramón Vilar and his wife assigned the said mortgage credit to the Successors of L. Villamil & Co., Limited, and the said firm notified the court of the fact, exhibiting the deed of assignment which had been recorded in the registry of property and requesting the court to order that the proceedings be continued in their name. On February 14, 1914, the court so ordered and issued a writ to the marshal commanding him to proceed with the execution in the name of the Successors of L. Villamil & Co., Limited, as the assignees of Ramón Vilar.

The foregoing was the dispositive part of the order, but in referring to the deed of assignment on which it was based the court stated that the said firm had been assigned $45 as interest due together with the interest accruing after July 31, 1913, whereas the deed called for $45 and the interest accruing after July 31, 1912. The secretary delivered a true copy of the order to the marshal following a description of the mortgaged property.

The marshal advertised the sale for the 16th day of March following and in the notice published to that effect stated that the object of the sale was to pay to the Successors of L. Villamil & Co., Limited, the sum of $1,500 as principal, $45 as interest due to July 31, 1913, and the interest accruing since the said date, together with the costs incurred until final payment.

Two days before the date set for the sale Celestino Solá, the second mortgagee, delivered to the marshal' through his attorney the sum of $1,657.50 as the amount of the principal and interest stated in the order, together with $30.49 as the amount of the costs incurred in the proceeding. The sale did not take place on the day set.

On the same day on which this deposit was made the court, on motion of the assignee firm, made an order correcting the error of a year in its order of February 14 preceding, to which we have referred, and directed that the marshal be notified accordingly..

The transcript of the record contains an affidavit made on the same day by Fernando Vázquez, one of the attorneys for the mortgagee, stating that having learned that the attorney for Celestino Solá wished to deposit the amount in suit, he immediately moved the court to rectify the error in its order of February 14 preceding by changing 1913 to 1912; that before the deposit was made he notified the marshal that the judge was going to sign an order amending the former order and that he would give him a copy of it as soon as it was signed; that he handed him a copy of it while the attorney for Celestino Solá was in the marshal's office.

After this the assignee firm moved the court to order the return of the deposit and issue a new writ to the marshal notifying him that he should proceed again with the sale and that the property in execution must respond for $1,500 as principal, $45 as interest due to July 31, 1912, the interest accruing from August 1, 1912, and $200 as costs and attorney fees.

Celestino Solá opposed this motion and moved that the mortgage be canceled, alleging that he paid the marshal all that he was required to pay according to the order of the court; that when he made the payment the order held by the marshal had not been modified; that the order of February 14 was in accordance with the prayer of the plaintiffs; that this is not a case of a deposit but of a payment, and that

the costs were paid to assignor Ramón Vilar from the bankruptcy funds of Solá & Son, Limited.

This opposition was supported by two affidavits tending to show that when the deposit was made the order of February 14 had not been amended and by a certificate from the clerk of the Federal Court showing that in the bankruptcy proceedings of Solá & Son, Limited, there was a disbursement of $125 to R. Vilar for costs in foreclosure proceedings paid on August 8, 1913, and other items for trips in automobiles to Humacao.

This being the status of the case, the lower court rendered a decision on July 15, last, overruling the motion of the plaintiffs and they took the present appeal therefrom.

Before entertaining the appeal we must decide whether it should be dismissed, inasmuch as a motion to that effect was made by respondent Celestino Solá a few days before the day set for the hearing on the appeal and we then agreed to rule upon the motion when the appeal was submitted to our consideration.

The motion for dismissal of the appeal is based upon the allegation that Marcelino Solá should have been notified of the appeal as he is a necessary party thereto, inasmuch as the decision to be rendered by us must affect him.

In the case of *Candelas* v. *Ramírez*, 20 P. R. R., 31, we held that, in accordance with section 296 of the Code of Civil Procedure, for the purposes of an appeal the term "adverse party" does not include all persons who have been parties to the suit in the court *a quo,* but only those who would be affected by a reversal or modification of the judgment appealed from. Therefore, the question in each case is whether the decision of this court on appeal can effect the rights of the person who, having been a party to the suit or proceeding below, has not been made a party to the appeal by being served with notice thereof.

If we reverse the decision appealed from and order that after the correction of the error relating to the interest an-

other sale be announced to satisfy all the obligations claimed in the proceedings, Marcelino Solá would not be injured in any way but rather benefited, because if all the items sued for should be covered by the proceeds of the sale, he would be relieved of his present personal obligation to respond with his other property for the amounts not covered by the amount deposited with the marshal, therefore he is not an adverse party to this appeal.

Having disposed of this motion, we will consider the appeal.

There is no doubt that the lower court erred in holding in the decision appealed from that the deposit made by Celestino Solá with the marshal in satisfaction of the amounts claimed by the foreclosing firm covered all the claims set up in the proceedings and was a good satisfaction, and this is really what the court decided in overruling the motion of the foreclosing firm.

Among other amounts sought to be recovered in the foreclosure proceeding was that of interest from July 31, 1912, which Marcelino Solá was summoned to pay, and no subsequent order has been made commanding the marshal to collect only the interest accruing since July 31, 1913; for, while the order of February 14 stated that this was the interest which had been assigned to the appellant firm, yet the order did not prescribe that the debtor should pay interest only from that date. The marshal gave greater compass to the order than it possessed, for it only directed that the execution should be proceeded with in the name of the Successors of L. Villamil & Co., Limited, and since the court did not order him not to collect the interest from July 31, 1912, he was not authorized to omit that item. The ministerial officers of the courts should confine their actions to strict compliance with the orders addressed to them without stopping to consider the correctness or erroneousness of the grounds upon which such orders are based. Therefore, the marshal for the district of Humacao should have complied with the only

order given him, viz: to proceed with the execution without inquiring into the reasons in order to deduce therefrom what the judge might have ordered if he had not been in error but which he did not order. *Fernández* v. *Marshal of District of San Juan,* 20 P. R. R., 61.

These principles should have been considered by the lower court also when the motion was made that the deposit made by Celestino Solá be returned and a new sale ordered, for, as it was not ordered that the interest from July 31, 1912, to the same day and month of 1913 should be deducted from the amounts claimed in the proceeding, the court should not have approved the action of the marshal in receiving less than the amounts called for in the original summons. On the contrary, the court should have sustained the motion of the plaintiffs who had the right to recover out of the mortgaged property all the obligation for which it was bound and to accept as payment only an amount sufficient to cover all their claims recognized by the court.

The fact that Celestino Solá paid the entire amount stated in the notice of sale does not entitle him to be considered as subrogated to the rights of the foreclosing firm after the discovery of the error contained in said notice, especially since the depositor knew that the interest accruing after July, 1912, was due because he had been served with the summons requiring the debtor to pay the said interest. Section 1125 of the Code of Civil Procedure provides that a debt shall not be considered as paid until the full amount of the thing has been delivered or the prestation (*sic*) of which the obligation consisted has been made. In this case, as the amounts due to the plaintiffs were not delivered in full, the payment which Celestino Solá made for the debtor, Marcelino Solá, did not extinguish the obligation of the latter.

All that has been said regarding the interest is applicable to the matter of the $200 which the parties agreed upon as costs and attorney fees, which the marshal also failed to collect without authority from the court.

For the foregoing reasons the motion for dismissal should be overruled and the decision appealed from

*Reversed.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.